# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCULLOUGH, JR., an individual; and, DR. ZHONGXI ZHENG, an individual, derivatively on behalf of MEDITE CANCER DIAGNOSTICS, INC., a Delaware Corporation, | **Case No.:** |
| | **DERIVATE COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF** |
| Plaintiffs, | (1)  Breach of Fiduciary Duty |
| v. | (2)  Abuse of Control |
| | (3)  Unjust Enrichment |
| WILLIAM AUSTIN LEWIS IV, an | (4)  Fraud |
| individual; STEPHEN VON RUMP, | (5)  Intentional Misrepresentation |
| an individual; DR. JOHN ABELES, | (6)  Negligent Misrepresentation |
| an individual; JOEL KANTER, an | (7)  Violation of California Corporations |
| individual; GREGORY FORTUNOFF, | Code §310 |
| an individual; and, LEWIS | (8)  Control Person Liability – 15 U.S.C. |
| OPPORTUNITY FUND L.P., a | §78t(a) and California Corporations |
| Delaware Limited Partnership, | Code §25504 |
| | (9)  Declaratory Relief - *Ultra Vires* Acts |
| Defendants, | (10) Injunctive Relief - *Ultra Vires* Acts |
| | (11) Accounting |
| and | |
| | **JURY TRIAL DEMANDED** |
| MEDITE CANCER DIAGNOSTICS, | |
| INC., a Delaware Corporation, | |
| | |
| Nominal Defendant | |

Plaintiff Robert McCullough, Jr. and Plaintiff Dr. Zhongxi Zheng, derivatively on behalf of Medite Cancer Diagnostics, Inc., bring this action against Defendant William Austin Lewis IV, Defendant Stephen Von Rump, Defendant Dr. John Abeles, Defendant Joel Kanter, Defendant Gregory Fortunoff, Defendant Lewis Opportunity Fund L.P. and Nominal Defendant Medite Cancer Diagnostics, Inc.

## NATURE OF THE ACTION

1.      On February 7, 2018, Plaintiff Robert McCullough, Jr., Plaintiff Dr. Zhongxi Zheng and third-parties Michael Ott and Michaela Ott were the Majority Shareholders of Nominal Defendant Medite Cancer Diagnostics, Inc., collectively owning 61.55% of issued and outstanding common (voting) shares.

2.      On February 7, 2018, the Majority Shareholders validly removed Medite's entire Board of Directors – Defendants William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff – pursuant to Section 13 of the company's By-laws.  On that same date, February 7, 2018, the Majority Shareholders validly appointed a new Board of Directors for the company.

3.      The entire former and duly removed Board of Directors – Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff – conspired to circumvent the legitimate actions of the Majority Shareholders.

4.      Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff fraudulently attempted to issue at least 12,000,000 common shares of the company's stock – for no consideration, or grossly inadequate consideration – to Defendant Lewis Opportunity Fund L.P., an entity controlled by Defendant Lewis and for which he is Chief Executive Officer and Chief Investment Officer.

5.      By the attempted issuance of the 12,000,000 shares, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff intended to dilute the majority ownership of the Majority Shareholders to fraudulently invalidate the Majority Shareholders' February 7, 2018 vote to remove them from the company's Board.

6.      Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's attempted issuance of shares of the company's stock not only is void, in violation of the company's bylaws and an *ultra vires* corporate act, but also constitutes tortious interference in the affairs of the company, breach of fiduciary duty and fraud.

7.      Through this action, Plaintiffs seek:

a.      Declaratory relief that the Majority Shareholders' February 7, 2018 removal of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff from the company's Board of Directors is valid;

b.      Appropriate injunctive relief barring Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff from further taking action on behalf of the company;

c.      Redress for Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's breaches of fiduciary and contractual duties they owed to Medite; and,

d.      An accounting of all actions taken by the former Board since February 7, 2018 purportedly in the name of the company.

## PARTIES

8.      At all relevant times, Plaintiff Robert McCullough, Jr. is and was an individual residing in Marin County, California. Mr. McCullough has been a Medite shareholder since 2001, and owned 1,676,907 common shares of Medite as of February 7, 2018.  Mr. McCullough has over 30 years experience in Financial Management in the Health Care Industry and previously served as the Chief Financial Officer (from October 2005 to April 2014) and Chief Executive Officer (from November 2007 to April 2014) of Medite's predecessor firm, CytoCore, Inc. ("CytoCore").

9.      At all relevant times, Plaintiff Dr. Zhongxi Zheng is and was an individual residing in Alameda County, California.  Dr. Zheng owned 1,086,250 common shares of Medite as of February 7, 2018.

10.     Plaintiff Robert McCullough and Plaintiff Dr. Zhongxi Zheng are collectively referred to herein as "Plaintiffs."

11.     At all relevant times, third-parties Michael Ott and Michaela Ott are and were individuals residing in Burgdorf, Germany.   The Otts have been Medite shareholders since 2005, and owned 15,000,000 common shares of Medite as of February 7, 2018.  Mr. Ott previously served as Medite's Chief Operating Officer and President.

12.     Plaintiff McCullough, Plaintiff Zheng and third-parties Michael and Michaela Ott collectively owned 17,763,427 of the 28,855,580 outstanding common (voting) shares of Medite – 61.55% – on February 7, 2018, and are collectively referred to herein as the "Majority Shareholders."

13.     At all relevant times, Defendant William Austin Lewis IV is and was an individual residing in New York, New York, and doing business in the State of California.  Mr. Lewis was appointed was appointed as a Member of Medite's Board of Directors in late January 2016 or early February 2016, and was appointed Chairman of Medite's Audit Committee at that same time.

14.     At all relevant times, Defendant Stephen Von Rump is and was an individual residing in St. Louis, Missouri, and doing business in the State of California. Mr. Von Rump was appointed as Member of Medite's Board of Directors in November 2017.

15.     At all relevant times, Defendant Dr. John Abeles is and was an individual residing in Boca Raton, Florida, and doing business in the State of California.  Dr. Abeles was appointed as a member of CytoCore's original Board of Directors in 1999.

16.     At all relevant times, Defendant Joel Kanter is and was an individual residing in Chicago, Illinois, and doing business in the State of California.  Mr. Kanter were appointed as a Member of the Medite's Board of Directors in November 2017.

17.     At all relevant times, Defendant Gregory Fortunoff is and was an individual residing in Roslyn, New York, and doing business in the State of California.  Mr. Fortunoff was appointed as a Member of Medite's Board of Directors in January 2018.

18.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff are collectively referred to herein as "Defendants."

19.     At all relevant times, Defendant Lewis Opportunity Fund L.P. is and was a Delaware Limited Partnership doing business in the State of California, Defendant Lewis Opportunity Fund L.P. is referred to herein as the "Opportunity Fund."   Defendant William Austin Lewis IV is the Chairman, Chief Executive Offer and a control person of the Opportunity Fund.

20.     At all relevant times, Nominal Defendant Medite Cancer Diagnostics, Inc. is and was a Delaware Corporation with a principal place of business and registered office located in the Orlando, Florida, doing business in the State of California, and a reporting company under Sections 12(g) and 15(d) of the Securities Exchange Act of 1934, as amended, and the rules of the Securities and Exchange Commission thereunder. Medite Cancer Diagnostics, Inc. is referred to herein as "Medite" or the "company."

5

## JURISDICTION AND VENUE

21.     This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship and the amount in controversy is in excess of $100,000.

22.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

## FACTS COMMON TO ALL CLAIMS OF RELIEF

23.     Medite develops products to screen and diagnose cervical, gastrointestinal and other cancers.

24.     On February 7, 2018, Plaintiff McCullough and Plaintiff Zheng, and third-parties Michael and Michaela Ott held in total 17,763,427 of the 28,855,580 of the issued and outstanding common shares of Medite, representing 61.55% of the company.

25.     On February 7, 2018, the Majority Shareholders terminated and removed the entire Board of Directors – Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff – pursuant to the company's By-laws, a true and correct copy of which is attached as Exhibit A to this Complaint and incorporated herein.

26.     Article III, Section 13 of the company's By-laws states:

"SECTION 13.  REMOVAL.  Unless otherwise restricted by the Certificate of Incorporation or the By-laws, and subject to the rights of the holders of any series of preferred stock, any Director or the entire Board of Directors may be removed, with or without cause, by the holders of a majority of shares entitled to vote at an election of Directors."

27.    On February 7, 2018, the Majority Shareholders executed a "Written Consent of the Stockholders of Medite Cancer Diagnostics, Inc.," (hereinafter "Written Consent"), a true and correct copy of which is attached as Exhibit B to this Complaint and incorporated herein, which states the following:

> "The undersigned, being the holders of a majority of the outstanding shares of common stock of MEDITE CANCER DIAGNOSTICS, INC., a Delaware Corporation (the "Corporation"), acting by a written consent without meeting pursuant to Section 228 of the Delaware General Corporation Law and Article II, Section 10 of the Corporation's By-laws, do hereby consent to the adoption of the following resolutions and direct that this consent be filed with the minutes of the proceedings of the stockholders of the Corporation:
>
> WHEREAS, the undersigned are holders of a majority of the outstanding shares of common stock of the Corporation; and
>
> WHEREAS, Article III, Section 13 of the By-laws of the Corporation provide that "any Director or the entire Board of Directors may be removed, with or without cause, by the holders of a majority of shares entitled to vote an election of Directors; and
>
> WHEREAS, Article II, Section 10 of the By-laws of the Corporation permit the stockholders of the Corporation to take action without a meeting by written consent if a consent in writing setting forth such action taken is signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting;
>
> * * *
> NOW THEREFORE LET IT BE:
>
> RESOLVED, that the following Directors be and hereby are removed from the Board of Directors of the Corporation, effective immediately:  William Austin Lewis, IV, Chairman of the Board; Dr. John Abeles; Joel Kanter; Gregory Fortunoff and Stephen Von Rump.
>
> * * *
> FURTHER RESOLVED, that the following individuals are elected to the Board of Directors until his replacement has been duly elected and qualified, effective immediately: Zhongxi Zheng, M.D., Robert McCullough, John Colwell and Fred Ananian."

28.     On February 7, 2018, pursuant to the Written Consent, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff were removed from the company's Board of Directors, and Plaintiff McCullough, Plaintiff Zheng, and John Colwell and Fred Ananian were appointed in their place.  Mr. McCullough also was reappointed to roles that he previously held at Medite, Chief Executive Officer and Chief Financial Officer, and Mr. Zheng was appointed Chairman of the company's Board of Directors, and the company's Chief Technology Officer.

29.     On February 8, 2018, the company and its officers and directors were provided with copies of the Written Consent.  The Written Consent was provided each to Defendant Lewis (Chairman), Defendant Von Rump (CEO), and to the company's Orlando, Florida headquarters.  On February 8, 2018, the original Written Consent was sent via overnight delivery to the company's Orlando, Florida headquarters.

30.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff thereafter fraudulently conspired to circumvent their valid removal from the company's Board of Directors by the Majority Shareholders by wrongfully attempting to dilute the majority held by the Majority Shareholders.

31.     Prior to the Majority Shareholders' February 7, 2018 vote to remove them from the company's Board, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff did not collectively own a majority of the issued and outstanding common (voting) shares of Medite.

32.     With the intent of diluting the majority held by the Majority Shareholders and preventing their removal from the company's Board of Directors, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff fraudulently attempted to issue 12,000,000 common shares of the company's stock, for no consideration, or grossly inadequate consideration to Defendant Opportunity Fund, which Defendant Lewis controls.

33.     In all events, because the shares were issued for no, or inadequate consideration, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's attempted issuance of the 12,000,000 shares to Defendant Opportunity Fund is invalid.

34.     Even if Defendant Opportunity Fund had paid adequate consideration for the 12,000,000 shares, the shares cannot be counted against the Majority Shareholders' February 7, 2018 majority, or the Majority Shareholders' vote to remove Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff from the company's Board.

35.     Per the company's By-laws, unallocated shares have no voting rights. Section 9 of the company's By-laws, "Voting of Stock," provides in part:

> "for the purpose of determining those stockholders entitled to vote at any meeting of the stockholders . . . only persons in whose names shares stand on the stock records of the Corporation on the record date . . . shall be entitled to vote at any meeting of the stockholders."

36.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff knew that the 12,000,000 shares ostensibly issued to the Opportunity Fund had no voting rights as of February 7, 2018, could not dilute the 61.55% majority held by the Majority Shareholders as of that date and could not count against the Majority Shareholders' February 7, 2018 vote to remove them from the company's Board of Directors.

37.     In a fraudulent and wrongful attempt to nullify the Majority Shareholders' February 7, 2018 vote and Written Consent directing their removal, Defendants attempted to cause the 12,000,000 shares to be falsely marked as issued to Opportunity Fund "*as of*" February 6, 2018.

38.     The 12,000,000 shares which Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff falsely claim to be counted as issued and outstanding on February 6, 2018 were, in fact, ***not*** issued by the company's transfer agent, Computershare, "**on**" that date.   **On** February 7, 2018 the 12,000,000 shares were **un-issued** in an "**unallocated**" account at Computershare.   In fact, the 12,000,000 shares were issued to the Opportunity Fund long after the February 7, 2018 Written Consent.

39.     In an attempt to nullify the February 7, 2018 Written Consent directing their removal, the 12,000,000 shares were falsely marked issued to the Opportunity Fund "**as of**" February 6, 2018.  In these circumstances, the purported issuance of shares **"as of"** rather "**on**" February 7, 2018 is backdating.

40.     On February 7, 2018, the 12,000,000 shares were unissued, unallocated, were not held by any person as required by the Company's By-laws, and cannot be considered as issued and outstanding on February 7, 2018 when Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff were removed from the company's Board.

41.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's fraudulent attempted issuance of shares of the company's stock is void and an *ultra vires* corporate action, and constitutes tortious interference in the affairs of the company, breach of fiduciary duty and fraud.

## DEMAND ALLEGATIONS

42.   On April 6, 2018, Plaintiffs sent correspondence to Medite's corporate

counsel, William D. O'Neal, Esq., a true and correct copy of which is attached as Exhibit

C to this Complaint and incorporated herein, stating:

> "On February 7, 2018, the Majority Shareholders terminated the Board of Directors pursuant to Section 13 of the company's By-laws.  That same date, the Majority Shareholders executed a 'Written Consent of the Stockholders of Medite Cancer Diagnostics, Inc.,' a copy of which is attached hereto, whereby William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff were immediately removed from the company's Board of Directors, and were replaced by Mr. McCullough, Dr. Zheng, John Colwell and Fred Ananian.  Through that same Written Consent, Mr. McCullough was appointed Chief Executive Officer and Chief Financial Officer of the company, and Dr. Zheng was appointed Chairman of the company's Board of Directors, and the company's Chief Technology Officer.
>
> On February 8, 2018, copies of the Written Consent were provided to Mr. Lewis (formerly the Chairman of the company's Board of Directors), Mr. Von Rump (formerly the company's CEO) and the company's Orlando, Florida headquarters.  On that same date, the original Written Consent was sent via overnight delivery to the company's Orlando headquarters.  On the morning of February 8th Mr. McCullough left a voice message for Mr. Von Rump advising that he (McCullough) was now the Chief Executive Officer and Chief Financial Officer of the company.
>
> Upon being informed that he had been removed as the Chairman of the company's Board of Directors, Mr. Lewis fraudulently attempted to cause 12,000,000 common shares of the company's stock to be issued to him, for virtually no consideration.  The former Board of Directors, including Mr. Lewis and Mr. Von Rump, also then attempted to cause an additional 2,500,000 common shares of the company's stock to be issued, all in an effort to defeat their removal.
>
> The clear intention of the former Board Members' attempted issuance of 14,500,000 shares was to attempt to dilute the majority held by Majority Shareholders and attempt to thwart the Majority Shareholders' valid removal of the Board of Directors.  The attempted share issuance not only was invalid but constituted numerous violations which will be described in

detail in a Complaint to be filed shortly in the Northern District of California.

The Complaint will also make clear that all actions taken by the removed Board of Directors post-February 7th are void and *ultra vires* corporate actions which constitute tortious interference in the affairs of the company for which each individual board member shall be held responsible for damages. Even if the 14,500,000 shares were validly issued for adequate consideration – which they were not – it would not alter the fact that the Majority Shareholders validly removed and replaced the company's entire Board of Directors on February 7, 2018.

\* \* \*

This letter demands that Mr. Lewis, Mr. Von Rump, Dr. Abeles, Mr. Kanter and Mr. Fortunoff each immediately, and in no event later than Monday April 16th 2018 at 5:00pm (PST), tender their written resignations as Board Members and officers of the company to this office.  This letter further demands that Mr. Lewis, Mr. Von Rump, Dr. Abeles, Mr. Kanter and Mr. Fortunoff each immediately cease: any activities purportedly on behalf of the company; and, all representations to any third party that they remain as Board Members or officers of the company. Additionally, we demand an immediate statement of all material events undertaken by the Board of Directors since February 7th, 2018 and all corporate records since that date. If the Board does not cooperate and meet these demands we intend immediately to file a lawsuit against the company and each Board Member."

43.     On that same date, April 6, 2018, Mr. O'Neal acknowledged receipt of the letter and informed Plaintiffs' counsel that Medite's litigation counsel would contact Plaintiffs' counsel.  However, Medite's litigation counsel never contacted Plaintiffs or their counsel, necessitating the filing of this action.

44.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff, to date, have intentionally and willfully failed to cause Medite to report in Form 8-K, or otherwise, as required, the controversy surrounding the Defendants' dispute of the validity of the Majority Shareholders' removal of the former Board of Directors on February 7, 2018.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Breach of Fiduciary Duty
(Against Defendants William Austin Lewis IV, Stephen Von
Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff)

45.     Plaintiffs incorporate herein by reference the allegations set forth above in
their entirety.

46.     As Members of the Board of Directors of Medite, Defendants Lewis, Von
Rump, Abeles, Kanter and Fortunoff owed the duties of a fiduciary to Medite and its
shareholders, including the highest duties of care, loyalty, good faith, and candor.

47.     Among other things, these duties include the obligation not to engage in
conduct that directly or indirectly puts their interest ahead of shareholders.    Defendants
Lewis, Von Rump, Abeles, Kanter and Fortunoff also had a fiduciary duty to avoid
conferring undue benefits on themselves.   *Willens v. 2720 Wisconsin Ave. Co-op.* (D.C.
2004) 844 A.2d 1126, 1136 (board members "'owe a fiduciary duty to act solely in the
interest of all shareholders.' . . . the 'unequal treatment of shareholders' may violate the
fiduciary duty of loyalty – especially if the directors responsible for such treatment are
personally interested in the transaction in question.")

48.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff breached their
fiduciary duties of loyalty, care, candor and good faith owed to the company and its
shareholders by, among other things:

a.      fraudulently attempting to thwart the Majority Shareholders' valid act of
removing them from the company's Board of Directors;

b.      wrongfully conspiring to circumvent legitimate actions of the Majority Shareholders;

c.      fraudulently attempting to issue 12,000,000 common shares of the company's stock for no consideration, or inadequate, consideration in an effort to dilute the majority held by the Majority Shareholders and thwart their legitimate and valid acts;

d.      issuing shares of the company for no consideration;

e.      engaging in self-dealing;

f.      wrongfully instructing Computershare to date the shares ostensibly issued to Defendant Lewis Opportunity Fund L.P., effective "*as of*" February 6, 2018; and,

g.      conducting corporate activities ostensibly on behalf of the company, while falsely holding themselves out to third-parties as duly elected members of the Board and officers of the company when, in fact, on February 7, 2018 they had been duly terminated in those capacities. Such unauthorized corporate activities were *ultra vires* and damaged the company.

49.     As a result of breaching their fiduciary duties, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff have damaged the company and its shareholders, and are liable to the company and its shareholders for the damages incurred.

50.     Plaintiffs are entitled to recover damages from Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff incurred by the company as a result of their breach of fiduciary duty.

## SECOND CAUSE OF ACTION
### Abuse of Control
(Against Defendants William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff)

51.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

14

52.     As Members of the Board of Directors of Medite, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff exercised control over Medite, and owed duties as controlling persons to Medite and its shareholders not to use their positions of control for their own personal interests and contrary to the interests of Medite.

53.     The conduct of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff was in violation of their obligations to Medite and its shareholders, including but not limited to:

a.     fraudulently attempting to thwart the Majority Shareholders' valid act of removing them from the company's Board of Directors;

b.     wrongfully conspiring to circumvent legitimate actions of the Majority Shareholders;

c.     fraudulently attempting to issue 12,000,000 common shares of the company's stock for no consideration, or inadequate, consideration in an effort to dilute the majority held by the Majority Shareholders and thwart their legitimate and valid acts;

d.     issuing shares of the company for no consideration;

e.     engaging in self-dealing;

f.     wrongfully instructing Computershare to date the shares ostensibly issued to Defendant Lewis Opportunity Fund L.P., effective "***as of***" February 6, 2018; and,

g.     conducting corporate activities ostensibly on behalf of the company, while falsely holding themselves out to third-parties as duly elected members of the Board and officers of the company when, in fact, on February 7, 2018 they had been duly terminated in those capacities.  Such unauthorized corporate activities were *ultra vires* and damaged the company.

54.     Each Defendant knowingly aided, encouraged, cooperated and participated in, and substantially assisted the other Defendants in their abuse of control.

55.     As a result of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's abuse of control, Medite has sustained and will continue to sustain damages for which it has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### Unjust Enrichment
(Against Defendants William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter, Gregory Fortunoff and Lewis Opportunity Fund, L.P.)

56.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

57.     Defendants derived compensation, fees and other consideration from Medite, and were otherwise unjustly enriched as a result of the wrongful acts described herein, to the detriment of Medite and its shareholders.

58.     Defendants profited by engaging in the wrongful conduct described herein. Defendants' enrichment is directly and causally related to the detriment of Medite and its shareholders.  These benefits were accepted by Defendants under such circumstances that it would be inequitable for them to be retained without payment.

59.     As described herein, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff breached their fiduciary duties owed to Medite, and abused their positions of control over Medite, and therefore they are not justified to retain the benefits conferred upon.

## FOURTH CAUSE OF ACTION
### Fraud
(Against Defendants William Austin Lewis IV, Stephen Von
Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff)

60.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

61.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff intentionally or with reckless disregard for the truth, made material misrepresentations, omitted to state material facts necessary to make the statements they made not misleading, and suppressed material facts, of which Medite and its shareholders had no actual knowledge.

62.     When they accepted appointment to Medite's Board of Directors, Defendants represented to Medite and its shareholders that they would act fairly and in the best interests of the company, and in accordance with the company's By-laws.

63.     In direct contravention of those representations, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff, among other things:

a.      fraudulently attempted to thwart the Majority Shareholders' valid act of removing them from the company's Board of Directors;

b.      wrongfully conspired to circumvent legitimate actions of the Majority Shareholders;

c.      fraudulently attempted to issue 12,000,000 common shares of the company's stock for no consideration, or inadequate, consideration in an effort to dilute the majority held by the Majority Shareholders and thwart their legitimate and valid acts;

d.      issuing shares of the company for no consideration;

e.      engaging in self-dealing;

f.    wrongfully instructing Computershare to date the shares ostensibly issued to Defendant Lewis Opportunity Fund L.P., effective "*as of*" February 6, 2018; and,

g.    conducting corporate activities ostensibly on behalf of the company, while falsely holding themselves out to third-parties as duly elected members of the Board and officers of the company when, in fact, on February 7, 2018 they had been duly terminated in those capacities.  Such unauthorized corporate activities were *ultra vires* and damaged the company.

64.    Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff had actual knowledge their misrepresentations and omissions were untrue when made and intended that Medite and its shareholders rely on the misrepresentations and omissions.  Medite and its shareholders reasonably relied on Defendants' misrepresentations and omissions.

65.    Medite and its shareholders have been damaged as direct and proximate result of Defendants' conduct as set forth herein.

**FIFTH CAUSE OF ACTION**
**Intentional Misrepresentation**
(Against Defendants William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff)

66.    Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

67.    Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff made material misrepresentations to Medite and its shareholders as described and incorporated herein. When they accepted appointment to Medite's Board of Directors, Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff represented to Medite and its shareholders that they would act fairly and in the best interests of the company, and abide by the company's By-laws.

18

68.     In direct contravention of those representations, Defendants, among other things:

    a.     fraudulently attempted to thwart the Majority Shareholders' valid act of removing them from the company's Board of Directors;

    b.     wrongfully conspired to circumvent legitimate actions of the Majority Shareholders;

    c.     fraudulently attempted to issue 12,000,000 common shares of the company's stock for no consideration, or inadequate, consideration in an effort to dilute the majority held by the Majority Shareholders and thwart their legitimate and valid acts;

    d.     issuing shares of the company for no consideration;

    e.     engaging in self-dealing;

    f.     wrongfully instructing Computershare to date the shares ostensibly issued to Defendant Lewis Opportunity Fund L.P., effective "as of" February 6, 2018; and,

    g.     conducting corporate activities ostensibly on behalf of the company, while falsely holding themselves out to third-parties as duly elected members of the Board and officers of the company when, in fact, on February 7, 2018 they had been duly terminated in those capacities.  Such unauthorized corporate activities were *ultra vires* and damaged the company.

69.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff made these representations knowing them to be false and further made these representations with the intent to deceive and defraud Medite and its shareholders and to induce them to act in reliance on these representations in the manner hereafter alleged, or with the expectation that they would so act.  The representations made by Defendants were in fact false and/or misleading.

70.     Medite and its shareholders, at the time these representations were made by Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff, were ignorant of the falsity of these representations and believed them to be true.   In reliance on these representations, Medite and its shareholders were induced to, and did rely upon the representations of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff.

71.     Medite and its shareholders' reliance on the representations of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff was justified.  As a proximate result of the fraudulent conduct of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff, Medite and its shareholders have been injured and suffered monetary damages as a result of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's wrongful conduct.

72.     The aforementioned conduct of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff was an intentional misrepresentation and concealment of material facts known to them, and was done with the intention to deprive Medite and its shareholders of material facts, in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION
### Negligent Misrepresentation
(Against Defendants William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff)

73.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

74.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff owed the Medite and its shareholders a duty to exercise reasonable care.  By virtue of the acts alleged herein, they breached their duty of reasonable care to the Medite and its shareholders and acted carelessly, negligently and /or recklessly so as to expose Medite and its shareholders to an unreasonable risk of harm.

75.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff knew or in the exercise of reasonable care should have known their actions and omissions posed an unreasonable risk of harm of which the Medite and its shareholders were unaware.

76.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's failure to exercise reasonable care and breach of their respective duties owed to Medite and its shareholders caused damage to them, as set forth below.  Had Defendants exercised reasonable care Medite and its shareholders would not have been damaged.

**SEVENTH CAUSE OF ACTION**
**15 U.S.C. §78t(a) and California Corporations Code §25504**
**Control Person Liability**
(Against Defendants William Austin Lewis IV, Stephen Von
Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff)

77.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

78.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff undertook the acts and omissions alleged herein as control persons of Nominal Defendant Medite Cancer Diagnostics, Inc., as that term is used in Section 20(a) of The 1934 Act, 15 U.S.C. §78t(a), and California Corporations Code §25504, among other statutes.

79.     Pursuant to 15 U.S.C. §78t(a), every control person is liable jointly and severally for the sale of securities sales in violation of federal law.  Likewise, pursuant to California Corporations Code §25504, "every principal executive officer or director of a corporation" is "liable jointly and severally" for the sale of securities sales in violation of California law.

80.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff are liable as control persons of Nominal Defendant Medite Cancer Diagnostics, Inc., pursuant to Section 20(a) of the 1934 Act, 15 U.S.C. §78t(a), and California Corporations Code §25504, among other statutes, for the acts and omissions alleged herein, and consequent damage, as set forth herein.

### EIGHTH CAUSE OF ACTION
### Violation of California Corporations Code §310
(Against Defendants William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff)

81.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

82.     During the time that the Plaintiffs were shareholders of Defendant Medite Cancer Diagnostics, Inc., Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff engaged in multiple fraudulent transactions, self-dealing, and numerous corporate acts without disclosure to Plaintiffs or shareholder approval.

83.     Pursuant to California Corporations Code §310, any "contract or other transaction between a corporation and one or more of its directors, or between a corporation and any corporation, firm or association in which one or more of its directors has a material financial interest," is voidable unless "the material facts as to the transaction and as to such director's interest are fully disclosed or known to the shareholders and such contract or transaction is approved by the shareholders . . . in good faith, with the shares owned by the interested director or directors not being entitled to vote thereon . . .."

84.     Plaintiffs, as shareholders of Defendant Medite, are entitled to void those fraudulent transactions and corporate acts pursuant to California Corporations Code §310, as those transactions were unreasonable and unfair, and were not made in good faith.

85.     Plaintiffs have incurred damages as a proximate result of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's actions, as set forth herein.

## NINTH CAUSE OF ACTION
### Declaratory Relief - *Ultra Vires* Acts
(Against Defendants William Austin Lewis IV, Stephen
Von Rump, Dr. John Abeles, Joel Kanter, Gregory
Fortunoff and Lewis Opportunity Fund, L.P.)

86.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

87.     Actual controversies exist between Plaintiffs and Defendants concerning:

a.      the validity of the Majority Shareholders' February 7, 2018 removal of Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff from Medite's Board of Directors pursuant to Section 13 of the company's By-laws;

b.      the voting rights of common shares held in "unallocated" status, or the "as of" status shares; and,

c.      the validity of all acts Defendants purportedly made on behalf of the company after February 7, 2018, when Defendants were removed from the Board of Directors, including but not limited to the Defendants' attempts to issue common shares of the company's stock, as described herein.

88.     Plaintiffs seek a determination of Medite's rights and their rights pertaining to the foregoing controversies.

**TENTH CAUSE OF ACTION**
**Injunctive Relief - *Ultra Vires* Acts**
(Against Defendants William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter, Gregory Fortunoff and Lewis Opportunity Fund, L.P.)

89.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

90.     Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's wrongful conduct described herein, unless and until enjoined and restrained by Order of this Court, has caused and will continue to cause great and irreparable injury to Medite and its shareholders, who will continue to be damaged due to Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's improper and fraudulent acts.

91.     Medite and Plaintiffs have no adequate remedy at law for the injuries currently being suffered or that are threatened.

92.     It will be impossible for Medite and Plaintiffs to determine the precise amount of damage that they will suffer if Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's conduct is not restrained.

93.     Medite and Plaintiffs will continue to be damaged so long as Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff's conduct continues and they retain control over Medite.

94.     An injunction is necessary to prevent Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff from taking any actions on Medite's behalf until a judicial declaration is made regarding the validity of the Majority Shareholders' February 7, 2018 removal of Defendants from Medite's Board of Directors.

**ELEVENTH CAUSE OF ACTION**
**Accounting**
(Against Defendants William Austin Lewis IV, Stephen Von Rump, Dr. John Abeles, Joel Kanter and Gregory Fortunoff)

95.     Plaintiffs incorporate herein by reference the allegations set forth above in their entirety.

96.     Plaintiffs are informed and believe that monies due and owing Medite and its shareholders are unaccounted for.  The amounts owed are unknown to Medite and its shareholders and cannot be ascertained without an accounting by Defendants Lewis, Von Rump, Abeles, Kanter and Fortunoff of all actions they have taken ostensibly on behalf of the company as of February 7, 2018 to date.

97.     Plaintiffs do not have sufficient information to determine the amount owed. Defendants have complete records and have refused to produce them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court award the following relief, including, but not limited to:

1.   Compensatory damages in an amount to be proved at trial, but not less than the jurisdictional minimum of this District Court;

2.   Consequential damages in an amount to proved at trial;

3.   Injunctive Relief barring Defendants from further taking action on behalf of the company;

4.   Declaratory Relief that the Majority Shareholders' February 7, 2018 removal of Defendants from the company's Board of Directors is valid;

5.   Restitution;

6.   Punitive damages;

7.   Reasonable and necessary attorney's fees;

8.   Plaintiffs' costs of suit incurred herein;

9.   Pre-Judgment Interest;

10.  An accounting of all actions taken by the former Board since February 7, 2018 purportedly in the name of the company; and,

11.  Such other and further relief as this Court deems just and proper under the circumstances.

Dated:  May 15, 2018                    Respectfully Submitted,

                                        By: _____
                                        BALDWIN MADER LAW GROUP
                                        Patrick Baldwin, Esq. (SBN 93337)
                                        Christopher Mader, Esq. (SBN 199605)
                                        1500 Rosecrans Avenue, Suite 500
                                        Manhattan Beach, CA 90266
                                        (310) 706-4062
                                        *Attorneys for Plaintiffs*